IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVERY R. WILSON, #1861345 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv250 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION ADOPTING REPORT AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevery Raynard Wilson filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging the illegality of his conviction. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. Background**

Wilson challenges his Smith County convictions for one count of evading arrest with a vehicle and a deadly weapon and one count of felony theft. The State also alleged two previous felonies in order to seek an enhanced punishment. In May 2013, after pleading guilty, Wilson was sentenced to forty years' imprisonment and assessed a $5,000 fine for the evading count and sentenced to twenty years' imprisonment for the theft count, with both sentences to run concurrently. He then filed a direct appeal, and the Twelfth Court of Appeals affirmed his conviction on May 30, 2014. *See Wilson v. State*, No. 12-13-00172-CR (Tex. App.—Tyler 2014, pet. ref'd).

Subsequently, Wilson filed a petition for discretionary review, which was denied on September 24, 2014, and rehearing was denied on November 5, 2014. *See Wilson v. State*, No. PD-0795-14 (Tex. Crim. App. 2014). Subsequently, Wilson filed his first state habeas petition in January 2015, which the Texas Court of Criminal Appeals dismissed as non-compliant in March

2015. (SHCR-02 at Action Taken Sheet). On June 29, 2016, the Texas Court of Criminal Appeals granted, in part, and denied, in part, Wilson's second state habeas application. The Court upheld his sentence of forty years' imprisonment, but vacated the $5,000 fine. (SHCR-05 at Action Taken Sheet). Wilson filed the instant federal habeas petition on April 27, 2017. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (explaining the "mailbox rule," which provides that an inmate's pleadings are deemed filed at the time when they are delivered to prison authorities).

**II. Wilson's Claims**

Wilson maintained that his two sentences were improperly joined, that the fine assessed was not authorized, and that the sentence enhancement provisions were improperly calculated. He also contends that trial counsel was ineffective for (1) failing to explain the consequences of a challenge to the enhancement paragraph; (2) failing to request a "retrial after sentencings overlap"; and (3) for failing to view the confession tape. Finally, Wilson argued that appellate counsel was ineffective for (4) failing to view the confession tape and (5) failing to address the deadly weapon issue on appeal. Respondent asserted that Wilson's petition is untimely and that his claims are unexhausted and meritless.

After a review of the pleadings and Wilson's reply, the Magistrate Judge issued a Report, (Dkt. #16), recommending that Wilson's petition be dismissed as time-barred and that he failed to show both equitable tolling or actual innocence. The Magistrate Judge also recommended that Wilson be denied a certificate of appealability *sua sponte*. Wilson has filed timely objections, (Dkt. #21), and a supplemental objection, (Dkt. #24).

**III. Wilson's Objections**

Wilson begins his objections by noting that he is making "a general objection to (all) of [the] Report and Recommendation of the United States Magistrate Judge." He then maintains that

counsel misadvised him, he exhausted his claims, and that the Texas Court of Criminal Appeals "sat" on his state habeas petition. Moreover, in his supplemental objections, Wilson explains that the Respondent failed to attach records showing that he filed a state postconviction motion in August 2016, which tolled the time period another 45-days—demonstrating that his federal petition was "more than timely filed."

**IV. Discussion and Analysis**

The Magistrate Judge correctly determined that Wilson's federal habeas petition is time-barred by the statute of limitations. As the Magistrate Judge explained, an inmate must file a section 2254 motion **within one year of the latest of**:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. Moreover, the time period for filing a timely petition is tolled while a State habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim

3

pending shall not be counted toward any period of limitation under this subsection.").

Crucially, however, an improperly filed State habeas application **does not** toll the statute of limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis added). An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.*; *see also Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) ("[A] properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and place of filing.") (internal quotations omitted). Here, because Wilson's first state habeas application was dismissed as noncompliant, it did not toll the one-year time period in which to file a timely federal habeas petition.

However, his second state application tolled the time period for which he was permitted to file a timely federal petition. Wilson's conviction became final on February 3, 2015, ninety days after his motion for rehearing for his petition for discretionary review was denied. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (explaining that finality is determined by the expiration of the time for seeking direct review, such as the thirty-day period for filing a petition for discretionary review); *see also* Sup. Ct. R. 13.1 (a petition for writ of certiorari to review a state court judgment is timely when filed within ninety days after entry of that judgment).

Furthermore, because he filed his second state habeas petition on April 13, 2015, which was decided on June 29, 2016, his one-year time period was tolled by 444 days. As a result, incorporating those 444 days of tolling, Wilson's federal habeas petition was due by April 24, 2017. His federal habeas petition—filed on April 27, 2017—is therefore time-barred, even if by only three days. *See, e.g.*, *Lookingbill v. Cockrell*, 293 F.3d 256, 263-65 (5th Cir. 2002) (holding that a Texas prisoner's federal habeas petition was time-barred as being four days late and finding that the prisoner was not entitled to equitable tolling). The Magistrate Judge properly

4

recommended that Wilson's petition is time-barred—even if only by a few days. *See, e.g.*, *United States v. Locke*, 471 U.S. 84, 100-01 (1985) ("If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline . . . A filing deadline cannot be complied with, substantially or otherwise, by filing late—even by one day."); *Hartz v. United States*, 419 F. App'x 782, 783 (9th Cir. 2011) (unpublished) (affirming the dismissal of a federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day."); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that a federal habeas petition submitted one day late was properly dismissed as untimely under the AEDPA).

Turning to Wilson's objection concerning a postconviction motion filed in August 2016, the Court notes that Wilson's motion did not toll the AEDPA time period. The Fifth Circuit has held that nunc pro tunc proceedings do not toll the statute of limitations period under the AEDPA because such proceedings do not constitute "collateral proceedings." *See Harrelson v. Swan*, 381 F. App'x 336, 338-39 (5th Cir. 2010) (unpublished) ("We conclude, therefore, that the nunc pro tunc proceedings did not constitute 'other collateral review' of Harrelson's conviction and did not toll the limitations period."); *see also Ex Parte Poe*, 751 S.W.2d 873, 876 (Tex.Crim.App. 1988) (explaining that, in Texas, a nunc pro tunc entry of a judgment is proper to correct clerical errors in the judgment in order to reflect the judgment as it was actually ordered, but was not entered properly).

Here, Wilson attached an October 2016 "Order for Jail Time Credit Nunc Pro Tunc," (Dkt. #24). The order demonstrates that the Smith County District Court granted Wilson's nunc pro tunc motion, which ultimately corrected the total amount of jail credit he received. The nunc pro tunc motion, contrary to Wilson's contention on objection, did not toll his statute of limitation

period under the AEDPA. The court, when granting his nunc pro tunc motion concerning jail credits, did not undergo a "review" of his underlying judgment of conviction, which is required to toll the limitation period under section 2244(d)(2). *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002); *see also Harrelson*, 393 F. App'x at 338 ("In order to toll the limitations period under § 2244(d)(2), the proceedings at issue must at least have sought 'review' of the judgments pursuant to which Harrelson was in custody."). Because Wilson's nunc pro tunc motion did not toll the limitations period, his federal habeas petition is still untimely.

Moreover, the Magistrate Judge properly found that Wilson is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

Here, however, Wilson failed to allege that extraordinary circumstances prevented timely filing; the records show that he waited several months after the state court denied his second habeas application before filing this federal petition. *See Lann v. Dretke*, 111 F. App'x 235, 237 (5th Cir. 2004) (unpublished) ("Lann is not entitled to equitable tolling because he slept on his rights by not filing his federal petition for more than five months after he learned of the CCA's denial of habeas relief. …This court recently held that a four-day lateness beyond the one-year limitations period was not excusable as being *de minimus*.") (citing *Lookingbill*, 293 F.3d at 264-65)). The Magistrate Judge properly determined that Wilson is not entitled to equitable tolling.

**V. Conclusion**

Wilson's federal habeas petition, filed on April 27, 2017, is time-barred by the statute of limitations under the AEDPA. The petition will be dismissed regardless of the small margin of

6

untimeliness.  The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations.  *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Wilson's objections are without merit.  Accordingly, it is

**ORDERED** that Petitioner's objections, (Dkt. #'s 21, 24), are overruled and the Report of the Magistrate Judge, (Dkt. # 16), is **ADOPTED** as the opinion of the Court.  Further, it is

**ORDERED** that the above-styled petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.  It is also

**ORDERED** that Petitioner Wilson is **DENIED** a certificate of appealability *sua sponte*.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
**Aug 28, 2018**

Ron Clark, Senior District Judge